IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

GARY ZIERKE,

        Petitioner,

v.

JENNIFER SAAD,

        Respondent.

Civil No.: 5:18CV155
JUDGE STAMP

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On September 17, 2018, the pro se Petitioner ("Zierke") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Zierke is a federal inmate who is housed at FCI Gilmer and is challenging the validity of his conviction and sentence from the United States District Court for the District of Nebraska.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### I. FACTUAL AND PROCEDURAL HISTORY[1]

#### A. Conviction and Sentence

On April 24, 2008, a federal grand jury in the District of Nebraska returned a two-count indictment against Zierke. Count One charged Zierke with conspiracy to possess with intent to distribute a mixture or substance containing 50 grams or more of a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. §

---

[1] All CM/ECF references in the Factual and Procedural History refer to entries in the docket of Criminal Action No. 4:08-CR-03067  in the District of Nebraska.

841(b)(1) all in violation of 21 U.S.C. § 846. Count Two charged Zierke with knowingly and intentionally distributing a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule 2 controlled substance in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1). ECF No. 1.

Following a four-day jury trial, Zierke was found guilty on both counts. In addition, the jury found beyond a reasonable doubt with respect to Count I that Zierke was responsible for and the conspiracy as it pertained to him involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance. ECF No. 117.

Zierke's PSR concluded that he should be responsible for 629 grams of a mixture of methamphetamine, leading to a base offense level of 32. He was also assessed specific offense characteristic enhancements for possession of a dangerous weapon, his role in the offense, and obstruction of justice for a total adjusted level of 39. However, the PSR also concluded that Zierke was a career offender under U.S.S.G. § 4B1.1 due to his prior convictions for assault on a Peace Officer, Assault by a Confined Person, and Assault by a Confined Person-No Weapon.  Zierke's sentencing range was 360 months to 480 months imprisonment. ECF No. 309. On April 22, 2009, Zierke was sentenced to 360 months imprisonment on each count, the same to run concurrently. ECF No. 151.

**B. Direct Appeal**

On April 23, 2009, Zierke filed a direct appeal of his conviction and sentence in the United States Court of Appeals for the Eighth Circuit. See USA v. Zierke, Civil No. 09-2005 (8th Cir. May 1, 2009). Zierke challenged the evidentiary rulings of audio recordings and testimony of witnesses as well as the sufficiency of evidence to uphold

his conviction. On August 24, 2010, the appellate court found no errors and affirmed the judgment of the district court.

### C. Motion to Vacate under 28 U.S.C. § 2255

On September 7, 2010, Zierke filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. 2255. ECF No. 182. In his motion, Zierke claimed he received newly discovered evidence of prosecutorial misconduct. On September 15, 2010, the district court denied his motion. On October 18, 2010, Zierke filed a Notice of Appeal [ECF No. 192], and on October 15, 2010, the Court of Appeals summarily affirmed the judgment of the district court. ECF No. 194.

On June 15, 2016, Zurich, by counsel, filed another Motion pursuant to 28 U.S.C. 2255 to avoid missing the statute of limitation for claims made under United States v. Johnson, 135 S.Ct. 2551 (2015). Counsel requested that the district court hold the petition in abeyance until the Eighth Circuit ruled on his request to file a successive petition. On October 4, 2017, the Eighth Circuit denied authorization to file a successive habeas application. Accordingly, on October 5, 2017, the district court entered judgment dismissing the pending 2255 motion.

### II.   PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court, Zierke alleges that his attorney conceded his guilt during closing arguments. Relying on the decision in McCoy v. Louisiana[2], 136 S.Ct. 821 (2018), it appears that the Petitioner believes his conviction

---

[2] McCoy examined the inherent tension between a capital murder defendant's insistence on his innocence, and experienced defense attorney's professional belief that an innocence defense would fail given the overwhelming evidence of guilt. The defendant in McCoy explicitly told his lawyer not to concede guilt; the lawyer told the jury in his opening statement that the evidence would reasonably show his client caused the individual deaths. 138 Supreme Court at 1506. The Supreme Court concluded that the attorney violated his client's Sixth Amendment rights

3

should be set aside. In addition, he alleges that his sentence is no longer valid because burglary and assault are no longer crimes of violence.[3]

### III.   LEGAL STANDARDS

**A. Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants**

As a pro se litigant, the Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs.,

---

and held that "a defendant has the right to insist that counsel refrain from admitting guilt even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." Id. at 1505.

[3] The undersigned can find no reference to a burglary conviction being considered for purposes of the career offender enhancement. Regardless, as noted in the analysis, Zierke's career offender enhancement, regardless of the underlying crimes, does not establish a basis for setting aside his sentence.

4

901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[4] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[5] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>. <u>See</u> <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

---

b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[5] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>.  <u>Id.</u>

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the <u>Jones</u> test (if challenging the legality of his conviction) or the <u>Wheeler</u> test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See <u>Wheeler</u>, 886 F.3d at 423–26.

### IV.   ANALYSIS

Although Petitioner does not address the savings clause, he is not entitled to its application. First, to the extent that Zierke is challenging his conviction, even if he satisfied the first and third elements of <u>Jones</u>, the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of <u>Jones</u>.

With respect to his challenge to his sentence, he must meet all four prongs of the <u>Wheeler</u> test for this Court to have jurisdiction to hear his challenge on the merits. In this

7

case, even if Zierke meets the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[6] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [I]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest

---

[6] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because Zierke was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under either Jones or Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  June 24, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE