IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARY ZIERKE,

      Petitioner,

v.                                  Civil Action No. 5:18CV155
                                                  (STAMP)

JENNIFER SAAD,

      Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se[1] petitioner, Gary Zierke ("Zierke"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a federal inmate formerly incarcerated at FCI Gilmer in Glenville, West Virginia, and now housed at U.S.P. Hazelton in Bruceton Mills, West Virginia. In his petition, petitioner challenges the validity of his conviction and sentence from the United States District Court for the District of Nebraska. ECF No. 1. The petitioner asserts that his conviction should be set aside and further alleges that his sentence is no longer valid. Id. at 5. For relief, petitioner requests a "show cause order from the government," that the closing arguments of his trial be

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

ordered, a "transfer to U.S. District Court for evidentiary hearing," and to appoint counsel. Id. at 9.

The action was referred to United States Magistrate Judge James P. Mazzone for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. The magistrate judge filed a report and recommendation recommending that petition be denied and dismissed without prejudice. ECF No. 11. The magistrate judge informed the petitioner that if he objected to any portion of the report and recommendation, he was required to file specific written objections within 14 days after being served with a copy of the report and recommendation. The petitioner then filed untimely objections. ECF No. 13.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. As to those findings to which timely objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III.  Discussion

Because the petitioner filed untimely objections to the report and recommendation, all findings and recommendations of the magistrate judge will be upheld unless they are "clearly erroneous or contrary to law."  Upon review of the report and recommendation, this Court finds no clear error in the determinations of the magistrate judge and thus upholds his recommendation to deny the petition and dismiss the petition without prejudice.

As stated above, this Court finds that although the petitioner did file objections to the magistrate judge's report and recommendation, the objections were not timely filed.  In reviewing the record, this Court finds that the service of the magistrate judge's report and recommendation was accepted on June 26, 2019.  ECF No. 12.  Petitioner's objections were filed on July 15, 2019.  ECF No. 13.  Thus, the petitioner's objections are untimely.

However, this Court additionally notes that even if the petitioner had timely filed his proposed objections to the report and recommendation, it would not impact this Court's decision.  In considering petitioner's untimely objections under a de novo review, this Court finds that to the extent that Zierke is challenging his conviction, even if he satisfied the first and third elements of Jones[2], the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the

---

[2]In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

second element of Jones. Further, because petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the test established in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), for this Court to have jurisdiction to hear his challenge on the merits. In his recommendation, the magistrate judge correctly found that the petitioner fails to meet the fourth prong of the Wheeler test which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).

In petitioner's untimely objections to the magistrate judge's report and recommendation, the petitioner generally objects to the magistrate judge's analysis of Wheeler, and ultimately reiterates his previous argument relying on McCoy v. Louisiana, 136 S. Ct. 821 (2018), in stating that this Court has jurisdiction under the savings clause. ECF No. 13 at 2. Further, Zierke restates his assertion that he was sentenced to an illegal sentence and must be re-sentenced. Id. at 3.

To address these objections, this Court finds that the magistrate judge expressly noted that because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have

4

subject-matter jurisdiction to evaluate the merits of the petitioner's claims. Wheeler, 886 F.3d at 423–26.

In Wheeler, the United States Court of Appeals for the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429.

The Fourth Circuit further specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

On de novo review, this Court finds that petitioner fails to meet the fourth prong of Wheeler and notes that, contrary to petitioner's argument, because Zierke was sentenced under the post-Booker[3], advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

As to petitioner's remaining objections, this Court finds that petitioner fails to make specific objections to the report and recommendation, and that this Court has conducted an appropriate de novo review.

Upon de novo review of the petitioner's argument, the report and recommendation, and in considering petitioner's untimely objections, this Court finds that because petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. Thus, this Court upholds the magistrate judge's recommendation and overrules the petitioner's untimely objections.

---

[3]United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 11) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED, and the petitioner's untimely objections (ECF No. 13) are OVERRULED.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

This Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to file timely objections, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     July 30, 2019

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE